## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

| | | |
|---|---|---|
| WHEATON THEATRE, LLC., ) | | *Chris Kachiroubas* |
| Plaintiff, ) | 2018MR000915 | e-filed in the 18th Judicial Circuit Court |
| ) | | ********* DuPage County ********* |
| | | TRAN# : 170431006741/( 4305772 ) |
| | | 2018MR000915 |
| v. ) | DuPage County Case No. _____ | FILEDATE : 06/22/2018 |
| ) | | Date Submitted : 06/22/2018 09:47 AM |
| | | Date Accepted : 06/22/2018 11:55 AM |
| FIRST AMERICAN TITLE INSURANCE ) | | BURGAN,KATE |
| COMPANY, ) | | 08/20/2018 rm2007 9:00am |
| Defendant. ) | | |

### VERIFIED COMPLAINT

NOW COMES THE PLAINTIFF, WHEATON THEATRE, LLC (sometimes hereinafter the "**Plaintiff**"), by and through its attorneys, Rathje Woodward LLC, and as and for its Verified Complaint against FIRST AMERICAN TITLE INSURANCE COMPANY (sometimes hereinafter the "**Defendant**"), states as follows:

### THE PARTIES; JURISDICTION

1. The Plaintiff Wheaton Theatre, LLC (sometimes hereinafter "**Wheaton Theatre**") is an Illinois LLC with its principal place of business in Illinois.

2. The Defendant First American Title Insurance Company (sometimes hereinafter "**First American**") is an Illinois title insurance company with its place of business in Illinois. At all relevant times, First American has been in the business of issuing title insurance policies.

3. This dispute relates to real property located in DuPage County, the Plaintiff is in DuPage County, the closing on the subject Premises (as hereinafter defined) occurred in DuPage County, and thus venue and forum are proper in DuPage County.

### FACTS COMMON TO ALL COUNTS

4. On or about November 30, 2012, Wheaton Theatre acquired title to the real estate commonly known as 119-127 North Hale Street, Wheaton, Illinois 60187 (the "**Premises**").

1

5. At the closing, Wheaton Theatre was issued a marked title commitment from First American, which, on or about December 10, 2012, issued to Wheaton Theatre that certain Title Insurance Policy Number 2306396 (the "**Title Policy**") for the real estate identified in Section 4 of Schedule A of the Title Policy (hereinafter the "**Schedule A Legal Description**") for the Premises. A true and correct copy of the Title Policy is attached and incorporated herein as **Exhibit "A"**.

6. On or about November 7, 2013, Wheaton Theatre received a notice from the Wheaton Sanitary District that unpaid sanitary district liens remained against title, and unless the same were paid, water service to the Premises would be cut off. See November 7, 2013 Wheaton Sanitary District Notice, a true and correct copy of which is attached hereto as **Exhibit "B"**.

7. Upon further investigation, Wheaton Theatre discovered that the Wheaton Sanitary District had recorded a lien against the Premises on or about June 28, 2010, which First American did not include in the title commitment or in the Title Policy. A true and correct copy of the November 29, 2012 Title Commitment and the June 28, 2010 Notice of Lien are collectively attached hereto and incorporated herein as **Exhibit "C"**.

8. On or about December 20, 2013, counsel for Wheaton Theatre sent to First American and First American's title agent a letter tendering the Wheaton Sanitary District liens to First American. See December 20, 2013 letter, a true and correct copy of which is attached and incorporated herein as **Exhibit "D"**.

9. On or about December 23, 2013, First American sent a letter to counsel for Wheaton Theatre acknowledging receipt of its December 20, 2013 letter. See December 23, 2013 letter, a true and correct copy of which is attached and incorporated herein as **Exhibit "E"**.

2

10. On or about December 26, 2013, First American sent a letter to counsel for Wheaton Theatre further acknowledging receipt of Wheaton Theatre's December 20, 2013 letter, and indicating the matter would be assigned to Claims Specialist Dana Stan. See December 26, 2013 letter, a true and correct copy of which is attached and incorporated herein as Exhibit "F".

11. On or about January 27, 2014, counsel for Wheaton Theatre sent a letter to First American warning it that the Wheaton Sanitary District sent a notice that the building would be "red-tagged" as "unfit for human occupancy" on February 11, 2014 if the outstanding charges were not paid. See January 27, 2014 letter, a true and correct copy of which is attached and incorporated herein as Exhibit "G".

12. On or about January 29, 2014, First American agreed to "pay the outstanding amount due." See January 29, 2014 email, a true and correct copy of which is attached and incorporated herein as Exhibit "H".

13. Over the following ten months, Wheaton Theatre reasonably incurred additional attorney fees in an attempt to clear the Wheaton Sanitary liens from the property and avoid the Wheaton Sanitary District from shutting off the water to the Premises due to First American's inaction. See communications with First American, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "I".

14. In or about April of 2014 while it was working to resolve the Wheaton Sanitary District lien issues that First American was not timely resolving, Wheaton Theatre asked its counsel to research what was the correct legal description of the Premises, and if the legal description was incorrect, to ask First American to correct the legal description.

15. In June of 2014, counsel for Wheaton Theatre began researching the legal description of the Premises.

3

16. In July of 2014, counsel for Wheaton Theatre completed his research of title for the Premises, and arrived at the initial conclusion that it was possible a portion of the Premises Wheaton Theatre purchased (the "**Disputed Property**") had been previously dedicated to the City of Wheaton on or about February 2, 1948 (the "**Dedication**") and was thus not owned by it despite the inclusion of the Disputed Property as being insured by the Title Policy.

17. On July 31, 2018, counsel for Wheaton Theatre met with James D. Atten ("**Atten**"), the sole Member of the Wheaton Theatre, LLC, to discuss these findings and to determine if Atten knew of any other explanations. Atten did not, and asked counsel for Wheaton Theatre to confirm the initial conclusion that the legal description in the Title Policy was incorrect.

18. In early September, 2014, counsel for Wheaton Theatre finally resolved substantially all issues regarding the Wheaton Sanitary District, and then finished the research to confirm that First American had indeed issued the Title Policy that improperly included the Disputed Property.

19. On November 13, 2014, counsel for Wheaton Theatre sent First American a demand letter. See November 13, 2014 letter to First American tendering a claim for damages, and attached Dedication recorded in Book 539, Page 518, true and correct copies of which are collectively attached hereto and incorporated herein as **Exhibit "J"**.

20. On or about January 23, 2015, First American denied Wheaton Theatre's request for attorney fees related to the Wheaton Sanitary District issues, and acknowledged receipt of Wheaton Theatre's November 13, 2014 tender of its title claim. See January 23, 2015 letter, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "K"**.

21. On or about May 14, 2015, First American sent a letter to counsel for Wheaton Theatre, with an enclosed appraisal report and check offering to settle the claim for $20,500.00.

4

See May 14, 2015 letter from First American, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "L"**.

22. On or about October 27, 2016, counsel for Wheaton Theatre sent to First American a letter attaching information and making a policy demand. See October 27, 2016 letter, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "M'**.

23. On or about November 14, 2016, First American rejected Wheaton Theatre's policy demand. See November 14, 2016 letter, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "N"**.

24. On or about January 4, 2018, Wheaton Theatre sent First American further information, and reduced its demand to $120,000.00. See January 4, 2018 letter, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "O"**.

25. On or about January 30, 2018, First American sent a letter to counsel for Wheaton Theatre, sending a revised appraisal report, rejecting the $120,000.00 demand, and re-offering $20,500.00. See January 30, 2018 letter, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "P"**.

## COUNT I-DECLARATORY JUDGMENT

26. Plaintiff re-asserts and re-alleges Paragraphs 1 through 25 as and for Paragraph 26 of this Count I as though fully set-forth herein.

27. Pursuant to 735 ILCS 5/2-701, "The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any . . . contract or other written instrument, and a declaration of the rights of the parties interested."

Document received on 6/22/18 9:47 AM Document accepted on 06/22/2018 11:59:02 # 4305772 170431006741

28. Here, an actual controversy exists as to the obligations of First American to reimburse Wheaton Theatre for its attorney fees related to the Wheaton Sanitary District liens and the City of Wheaton's threats to red-tag the Premises, and the title claim regarding the Disputed Property.

29. This Honorable court should find that pursuant to the terms of the Title Policy, First American was obligated to clear the Wheaton Sanitary District liens in a timely manner and by not doing so, thereby left Wheaton Theatre no other recourse but to retain counsel and perform the work First American was obligated to perform under the Title Policy.

30. This Honorable court should further find that pursuant to the terms of the Title Policy, First American owes Wheaton Theatre reimbursement for attorney fees incurred as noted herein.

WHEREFORE, the Plaintiff hereby respectfully prays that this Honorable Court enter judgment declaring the rights of Wheaton Theatre to reimbursement for its attorney fees under the Title Policy and as a result of the facts stated herein, for court costs, and for other relief this Honorable Court deems just.

## COUNT II-BREACH OF CONTRACT

31. Plaintiff re-asserts and re-alleges Paragraphs 1 through 25 as and for Paragraph 31 of this Count II as though fully set-forth herein.

32. The Title Policy is a binding contract between First American and Wheaton Theatre that was offered and accepted.

33. First American breached the Title Policy by failing to act in a timely manner to resolve the Wheaton Sanitary District liens.

Document received on 6/22/18 9:47 AM Document accepted on 06/22/2018 11:59:02 # 4305772;170431006741

34. Because of First American's failure to promptly resolve the Wheaton Sanitary District lien dispute, Wheaton Theatre reasonably incurred attorney fees to resolve the issues to avoid further damages by virtue of water to the Premises being shut off due to the non-payment of the Wheaton Sanitary District liens.

35. Wheaton Theatre was damaged as a result of First American's failure to retain counsel and promptly process the Wheaton Sanitary District lien claims due to the attorney fees Wheaton Theatre incurred.

36. First American's denial of reimbursement for attorney fees incurred by Wheaton Theatre is a breach of the Title Policy.

37. Wheaton Theatre was further damaged by First American's failure to identify for Wheaton Theatre the existence of the Dedication, and First American's issuance of the Title Policy to include the Disputed Property that had previously been dedicated to the City.

38. Wheaton Theatre's damages are approximately $120,000.00 due to the Disputed Property not being part of the Premises.

39. First American's offer of only $20,500.00 is a further breach of the Title Policy.

40. All conditions of Wheaton Theatre's performance under the Title Policy have been satisfied, waived, or otherwise discharged.

WHEREFORE, the Plaintiff hereby respectfully prays that this Honorable Court enter judgment in favor of Wheaton Theatre and against First American for its damages in excess of $120,000.00 plus attorney fees, court costs, and other damages to be proven at trial, and other relief this Honorable Court deems just.

7

## COUNT III-NEGLIGENT MISREPRESENTATION

41. Plaintiff re-asserts and re-alleges Paragraphs 1 through 40 as and for Paragraph 41 of this Count III as though fully set-forth herein.

42. First American was in the business of supplying information, mainly an accurate legal description in concert with the Title Commitment and the Title Policy.

43. First American had a duty to Wheaton Theatre to accurately provide Wheaton Theatre with an accurate legal description for the Title Policy, and to accurately identify liens recorded against the Premises.

44. First American knew or should have known that Wheaton Theatre would be using the information in the Title Commitment to guide its business decision to purchase the Premises.

45. It was foreseeable that Wheaton Theatre might need the Disputed Property to realize the full development potential of the Premises.

46. The legal descriptions in both the Title Commitment and the Title Policy were inaccurate.

47. The Disputed Property being a part of the Premises, and the existence of the Wheaton Sanitary District liens were material facts.

48. First American carelessly and negligently made false statements of material facts by tendering to Wheaton Theatre the Title Commitment and Title Policy without identifying the Wheaton Sanitary District liens, and inaccurately including the Disputed Property in the inaccurate legal description.

49. The existence of the Dedication, and the Wheaton Sanitary District liens, were public records, and were not hidden or otherwise unavailable to First American.

8

50. First American intended to induce Wheaton Theatre to consummate the acquisition of the Premises in reliance upon the Title Commitment and Title Policy.

51. Wheaton Theatre reasonably relied upon First American to identify the proper legal description of the Premises.

52. Wheaton Theatre was damaged in the amounts claimed under Counts II and III.

WHEREFORE, Plaintiffs respectfully pray for the Court to Award a Judgment against Defendant First American Title Insurance Company in an amount in excess of $120,000.00 plus court costs and attorney's fees, and other relief this Honorable Court deems just.

> Respectfully submitted,
> WHEATON THEATRE, LLC
>
> _____
> One of its attorneys

-The Plaintiff Demands A Trial By Jury For Any and All Claims Subject To Trial By Jury-

Scott E. Pointner, Esq.
Rathje & Woodward, LLC
300 E. Roosevelt Road, Ste. 300
Wheaton, IL 60187
630-668-8500 ph
630-668-9218 fax
ARDC# 69400

9

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the undersigned has knowledge of the statements contained in this Verified Complaint and that the undersigned verifies that the same are true and correct, except as to matters therein stated to be on information and belief, if any, and as to such matters the undersigned certifies as aforesaid that he/she/it verily believes the same to be true.

WHEATON THEATRE, LLC

By: _____
(Signature) MEMBER

_____
(Title)

10

DEMAND FOR A JURY TRIAL 2123 (Rev. 9/16)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
|---|---|---|
| | IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | |

Wheaton Theatre, LLC

PLAINTIFF / PETITIONER

vs

First American Title Insurance Company

DEFENDANT / RESPONDENT

2018MR000915

CASE NUMBER

*Chris Kachiroubas*
e-filed in the 18th Judicial Circuit Court
********* DuPage County *********
TRAN# : 170431006741/( 4305772 )
2018MR000915
FILEDATE : 06/22/2018
Date Submitted : 06/22/2018 09:47 AM
Date Accepted : 06/22/2018 11:55 AM
BURGAN,KATE

File Stamp Here

## JURY DEMAND

TO: **CHRIS KACHIROUBAS**, Clerk of the Eighteenth Judicial Circuit Court

The [X] Plaintiff/Petitioner in the above entitled cause demands a jury for the trial of said cause.
[ ] Defendant/Respondent

This matter should be tried by a [ ] jury of six
[X] jury of twelve

_____
Plaintiff/Petitioner

_____
Defendant/Respondent

_____
Their Attorney

Name: Scott E. Pointner
Rathje Woodward LLC    [ ] Pro Se
DuPage Attorney Number: 69400
Attorney for: Plaintiff
Address: 300 E. Roosevelt Road, Ste. 300
City/State/Zip: Wheaton, IL 60187
Telephone Number: 630-668-8500
Email: SPointner@rathjewoodward.com

**CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT**
**WHEATON, ILLINOIS 60187-0707**

Document received on 6/22/18 9:47 AM Document accepted on 06/22/2018 11:58:57 # 4305772/170431006741